**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00269-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WENDY KATHLEEN BENSON CHRISS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Severance (Record Document 91) filed by Defendant Wendy Kathleen Benson Chriss ("Chriss"). Chriss filed the motion pursuant to Federal Rules of Criminal Procedure 8(b) and 14 seeking a separate trial from her seven co-defendants, including Dr. Tandy McElwee, Jr. The Government opposed the motion. See Record Document 114. For the reasons that follow, the Motion for Severance is **DENIED**.

**Background**

On September 24, 2008, the eight defendants in this case were indicted in an 88 count Indictment. All eight are charged in a conspiracy to obtain a controlled substance (hydrocodone) by fraud (Count 1). Counts 2-72 are specific acts of obtaining or acquiring a controlled substance (hydrocodone) by fraud. Chriss[1] is included in many of these counts, but is also alleged to have aided and abetted in the other counts. These first 72 counts comprise the bulk of the Indictment and will comprise the bulk of the evidence at trial.

Chriss is also charged with conspiracy to possess with the intent to distribute hydrocodone (Count 73) and possession with the intent to distribute hydrocodone (Counts

---

[1] Chriss, along with three other defendants, worked in Dr. Tandy W. McElwee, Jr.'s medical office.

74-82). Chriss and Dr. Tandy W. McElwee, Jr. are the only defendants indicted in Counts 73-82. These counts involve bulk orders of hydrocodone that were purchased via the internet from a pharmaceutical company in Maine. The Government contends that the evidence will show that Chriss, with Dr. Tandy McElwee Jr.'s authorization, ordered bulk units, i.e., distribution amounts, of hydrocodone on the internet and shared them with him.

Finally, Chriss is charged in Count 83 with providing false information in a record. Specifically, she and two other defendants are charged with fabricating a dispensing log book after learning that Dr. Tandy McElwee, Jr. was under investigation by the Louisiana State Medical Board.

There are only four counts in which Chriss is not listed as a defendant. These four counts are health insurance fraud counts specific to four defendants who claimed fraudulently obtained prescriptions on their health insurance plans. The Government maintains that evidence on these counts will require the addition of only one or two witnesses at trial.

**Severance Argument**s

Chriss argues that "the present circumstances of the joinder of the offenses [in this case] create prejudice to [her] . . . and will result in an unfair and biased trial." Record Document 91-2 at 2. Specifically, she points to four grounds entitling her to a separate trial from her co-defendants: (1) community curiosity and attention due to co-defendant Dr. Tandy McElwee, Jr.; (2) the jury's difficulty in distinguishing the alleged criminal acts of each defendant; (3) the introduction of otherwise inadmissible evidence; and (4) prejudice regarding any co-defendant's choice to exercise his or her Fifth Amendment rights. See id.

**Law and Analysis**

> Rule 8(b) provides:
>
> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

F.R.Cr.P. 8(b). There is a preference in the federal system for joint trials of defendants who are indicted together. See Zafiro v. U.S., 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993). Joint trials play a vital role in the criminal justice system, as they promote efficiency and serve the interest of justice by avoiding the scandal and inequity of inconsistent verdicts. See id.

Even when joinder is proper, Rule 14(a) allows a trial court to sever the trials of two or more defendants where the joinder "appears to prejudice a defendant or the Government." U.S. v. McGrew, 165 Fed. Appx. 308, 316 (5th Cir. 2006). The rule does not require severance, however, and upon a showing of prejudice, the determination of relief to be granted, if any, due to the existence of prejudice, is within the sound discretion of the district court. See id., citing Zafiro, 506 U.S. at 538-539, 113 S.Ct. at 938.

The Supreme Court has further warned that the remedy of severance should be used sparingly. See id. Where defendants have been properly joined under Rule 8, a severance should not be ordered unless "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 538-539, 113 S.Ct. at 938. Less drastic measures, including limiting instructions to the jury, often are sufficient to cure the risk of prejudice. See id.

## A. Community Curiosity and Attention.

Chriss argued that because one of her co-defendants, Dr. Tandy McElwee, Jr., is a local medical doctor there will be greater public attention and her right to properly and fairly defend herself will be prejudiced. See Record Document 91-2 at 2. The Court, like the Government, must assume that Chriss is concerned about her Sixth Amendment right to a fair and impartial jury.

The Court is unpersuaded by this argument. The Sixth Amendment of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." While juror exposure to adverse publicity may infringe upon a defendant's right to an impartial decisionmaker, the Constitution does not require that jurors be completely unaware of the facts and issues to be tried. See Dobbert v. Florida, 432 U.S. 282, 302, 97 S.Ct. 2290, 2302 (1977). Even extensive knowledge about the crime or the accused is not by itself sufficient to constitute a constitutional violation. See Patton v. Yount, 467 U.S. 1025, 1032-34, 104 S.Ct. 2885, 2889-90(1984).

A defendant asserting that a fair trial is impossible due to adverse pretrial publicity must demonstrate "the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality." Murphy v. Florida, 421 U.S. 794, 800, 95 S.Ct. 2031 (1975); see also Chavez v. Cockrell, 310 F.3d 805, 811 (5th Cir. 2002). This burden is usually accomplished from voir dire examination of the jury pool where actual bias can come to light. See U.S. v. Neal, 526 F.2d 1223, 1229 (5th Cir.1976). Alternatively, the defendant "can demonstrate that prejudicial, inflammatory publicity about his case so saturated the community from which his jury was drawn as to render it virtually impossible

to obtain an impartial jury." U.S. v. Chagra, 669 F.2d 241, 250 (5th Cir.1982) (overruled on other grounds by Garrett v. U.S., 471 U.S. 773, 105 S.Ct. 2407 (1985)).

The media coverage of this case has been limited, with the last coverage occurring in the fall of 2008. See Record Document 114-3 at 4-5. There has been no media coverage in almost a year. See id. at 5. Based on the record before the Court, Chriss has not met her burden of establishing actual partiality or prejudicial, inflammatory publicity about her case that has so saturated the community that it would be virtually impossible to obtain an impartial jury. The Court will effectively screen any media coverage, or knowledge of reputation, that may affect the jury pool during voir dire such that Chriss' concerns regarding her Sixth Amendment right to a fair and impartial jury will be cured.

**B. Jury's Difficulty in Distinguishing the Alleged Criminal Acts of Each Defendant.**

Chriss argued severance is appropriate because "the jury will have great difficulty in distinguishing the alleged [criminal] acts." Record Document 91-2 at 2. She further maintained that "[d]ue to the human nature of the jury, even with proper jury instructions, the cumulative effect [or spillover] of all evidence presented by other defendants would allow [her] to be convicted on a much lesser standard." Id.

As stated previously, Rule 8(b) provides for joinder if the defendants are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. These rules are "especially strong when the defendants are charged with committing the same conspiracy." U.S. v. Martinez-Perez, 941 F.2d 295, 299 (5th Cir. 1991). The Fifth Circuit has also rejected the spillover evidence argument and the contention that severance is appropriate because the jury will

not be able to keep the evidence separate as to each separate charge and each separate defendant.  See U.S. v. Sparks, 2 F.3d 574, 583 (5th Cir. 1993); U.S. v. Rocha,  916 F.2d 219 (5th Cir. 1990); U.S. v. Arzola-Amaya, 867 F.2d 1504 (5th Cir. 1989); U.S. v. Phillips, 664 F.2d 971 (5th Cir. 1981); U.S. v. Martino, 648 F.2d 367 (5th Cir. 1981).

Here, while multiple conspiracies and acts are alleged in the Indictment, all of the acts are part of an overarching scheme to commit fraud for the purpose of illegally obtaining hydrocodone.  Joinder was clearly justified under Rule 8(b).  Moreover, the Court will provide cautionary instructions to the jury in this case outlining several key directives, namely that the jury consider each offense separately and each defendant individually. See Arzola-Amaya, 867 F.2d at 1516.  Such instructions will enable the jury to compartmentalize the evidence and prevent any spillover evidence from tainting Chriss' case.  See id.  Thus, the Motion for Severance is denied on the grounds that the jury will be unable to distinguish the alleged criminal acts of each defendant.

### C. Introduction of Otherwise Inadmissible Evidence.

Chriss also argued that the joinder of the offenses in the Indictment would prejudice her by allowing both the United States and other codefendants to introduce otherwise inadmissible evidence.  See Record Document 91-2 at 2.  She further maintained that a limiting instruction by the Court would not cure this prejudice.  See Record Document 91 at ¶ 6.

Here, there are four health insurance fraud counts that will require presentation of evidence that will not be presented in the case against Chriss.  There is also the possibility that other crimes evidence will be presented as to specific defendants.  In Rocha,  916 F.2d 219, the Fifth Circuit reasoned:

> This Court has stated that when one conspiracy exists, severance is not required, even where the quantum and nature of the proof in each case is different, so long as the trial court repeatedly gives cautionary instructions. It is clear that a defendant's absence from a particular episode in the conspiracy does not mandate severance. Similarly, evidence of the reputation or past crimes of one co-defendant, although clearly inadmissible against the other co-defendants, does not ordinarily justify severance. Hence, since each defendant here was convicted of essentially one complex conspiracy, severance is not required merely because the Government introduced evidence admissible only against individual co-defendants.

Id. at 228 (internal citations omitted); see also U.S. v. Restrepo, 994 F.2d 173, 187 (5th Cir. 1993)("[S]everance is not required merely because the Government [will introduce] evidence admissible only against a codefendant.").

The Court finds unpersuasive Chriss' argument that the introduction of otherwise inadmissible evidence warrants severance. The record indicates that the evidence in this case will be clearly presented in relation to the particular acts and codefendants. Further, the Court is confident that cautionary jury instructions, issued during the course of the trial and in the final instructions, will protect the rights of all defendants and ensure that the jury will carefully sift through the evidence. Specifically, the Court will charge the jury not to use evidence relevant to one defendant against another and will caution the jury against finding guilt by association. See U.S. v. Merida, 765 F.2d 1205, 1219 (5th Cir. 1985). Thus, the Motion for Severance is denied on the grounds that Chriss will be prejudiced by the introduction of otherwise inadmissible evidence.

### D. Prejudice Regarding Fifth Amendment Rights.

Chriss' argument that a joint trial will prejudice her Fifth Amendment rights is also unpersuasive. While her specific argument is unclear, she alleged in her motion that her "defense would be prejudiced by any codefendants choice to exercise their Fifth

Amendment right." Record Document 91-2 at 2. As in any criminal case, this Court will instruct the jury pursuant to Fifth Circuit Pattern Jury Instruction 1.05, which provides that "[t]he law does not require a defendant to prove his innocence or produce any evidence at all and **no inference whatever may be drawn from the election of a defendant [or defendants] not to testify**."

Further, if Chriss is arguing that a joint trial will prevent her from calling her codefendants as defense witnesses, such argument also fails. Severance based on the testimony of a co-defendant is only warranted if a defendant can establish (1) a bona fide need for the codefendant's testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) that the co-defendant would, in fact, testify. See U.S. v. Neal, 27 F.3d 1035, 1047 (5th Cir. 1994). Chriss' conclusory allegations in her brief fall far short of the required showing. A general allegation that someone might offer exculpatory testimony simply does not suffice. Further, Chriss has not articulated any factual basis to suggest that one or more of her codefendants would actually testify at her separate trial.

Finally, Chriss has not established that severance is required due to antagonistic defenses. "Defenses are antagonistic if they are mutually exclusive or unreconcilable, that is, if the core of one defendant's defense is contradicted by that of another." U.S. v. Neal, 27 F.3d 1035, 1046 (5th Cir. 1994). However, even mutually antagonistic defenses are not prejudicial *per se*; rather, the district court is vested with sound discretion to tailor the appropriate relief. See id. Here, Chriss has not alleged or articulated facts sufficient for this Court to find that her defense may be antagonistic with another codefendant and the

Motion for Severance on this ground is denied.

**Conclusion**

Based on the foregoing, the undersigned concludes that the joinder of the defendants in this case was proper under Rule 8(b). A joint trial will not prejudice Chriss. Accordingly, the Motion for Severance (Record Document 91) is **denied**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of August, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE