**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00269-03-05-08 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WENDY KATHLEEN BENSON CHRISS, CATHERINE COCKRELL, AND KRISTINA RANDALL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On July 6, 2009, the Government filed Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) in relation to three defendants, Wendy Kathleen Benson Chriss ("Chriss"), Catherine Cockrell ("Cockrell"), and Kristina Randall ("Randall"). See Record Documents 112 & 113. Chriss, Cockrell, and Randall oppose the Government's notice to use other crimes/other acts evidence. See Record Documents 117, 141, & 143. For the reasons which follow, the Court finds that the challenged other crimes/other acts evidence is admissible.

**Legal Standards**

Federal Rule of Evidence 404(b) provides:

(b) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

F.R.E. 404(b). Rule 404(b) is not implicated if the challenged evidence is intrinsic to the acts for which the defendants were charged. See U.S. v. Williams, 900 F.2d 823, 825-26

(5th Cir.1990). "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. at 825. Intrinsic evidence is admissible so that the jury may assess all the circumstances under which the defendants acted. See U.S. v. Hawley, 516 F.3d 264, 267 (5th Cir.2008).

If the other acts evidence is extrinsic, courts must apply the two-step test outlined in U.S. v. Beechum, 582 F.2d 898, 911 (5th Cir.1978) (en banc). See U.S. v. Stephens, 571 F.3d 401, 410 (5th Cir. 2009). The court must first determine if the extrinsic offense evidence is relevant to an issue other than the defendant's character. See id. The evidence must also possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.[1] See id.

**Cockrell**

Cockrell, who worked in the office of co-defendant Dr. Tandy McElwee, is charged with conspiracy to obtain a controlled substance (hydrocodone) by fraud or aiding or abetting, obtaining or acquiring a controlled substance (hydrocodone) by fraud, and one count of health care fraud. See Record Document 2. The indictment alleges that all of these charges are part of scheme that took place beginning on or about January 1, 2004

---

[1]Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

and continuing until on or about August 18, 2007.  See id.  According to the Government, the conspiracy to obtain hydrocodone by fraud was accomplished by submitting fraudulent prescriptions to pharmacies in the names of the defendants and their family members as well as fake names.  See Record Document 113-2 at 2.  The prescriptions were sometimes submitted by telephone or facsimile.  See id.  Often times, several prescriptions would be submitted at one time by one of the defendants and picked up by another.  See id.

The Government anticipates that Cockrell's possible defenses include lack of opportunity, knowledge, intent, motive, plan, and lack of mistake or accident.  See id.  It also expects that Cockrell may allege an issue of identity, i.e., that she did not actually sign for and obtain the hydrocodone as charged.  See id.  Thus, the Government seeks to introduce evidence of other crimes/other acts committed by Cockrell showing her opportunity, knowledge, intent, motive, plan, and lack of mistake or accident, as well as identity, in regards to the crimes charged in the Indictment.  See id.

The Government seeks to introduce evidence relating to March 27, 2008 and April 22, 2008 incidents wherein Cockrell, using prescriptions allegedly prescribed by Dr. Waltman, obtained Soma and Lortab from the Brookshire's Pharmacy on Barksdale Boulevard.  See id.  In its notice, the Government contends Dr. Waltman did not authorize either of these prescriptions and that Cockrell admitted to forging these prescriptions, which resulted in her termination from employment with Dr. Waltman.  See id. at 2-3. According to the Government, the facts of the March and April 2008 incidents are very similar in type to the instant case and proof of these acts tends to prove Cockrell's opportunity, knowledge, motive, intent, plan, and lack of mistake or accident in committing the instant crimes.  See id. at 3.

The Government also contends that the other crimes/other acts evidence will not create unfair prejudice, as any potential Rule 403 dangers can be easily diminished through the use of curative or limiting instructions by the Court. See id. at 6. Further, the Government argues that the similarity of the acts and close temporal facet reduce the potential for unfair prejudice. See id. at 7.

Cockrell opposes the admission of the other crimes/other acts evidence, arguing that intent is not the primary issue in this case. See Record Document 117 at 3. Instead, she contends that the issue is whether she actually conspired to participate and actually participated in illegal acts. See id. Cockrell further maintains that the other crimes/other acts evidence is not intrinsic to the crimes being charged in the Indictment. See id. Finally, she argues that even if the other crimes/other acts evidence is marginally relevant to the instant charges, it should be excluded pursuant to Rule 403. See id. at 3-4.

Intent is subjective and is often difficult to prove. See U.S. v. Robichaux, 995 F.2d 565, 568 (5th Cir. 1993). "This was the rationale behind allowing evidence of other crimes to show intent under [Rule] 404(b)." Id. By pleading not guilty, Cockrell has in fact put her intent at issue. See U.S. v. Duffaut, 314 F.3d 203, 209 (5th Cir. 2002), citing U.S. v. Chavez, 119 F.3d 342, 346 (5th Cir.1997). Moreover, intent is an element of the charged conduct, as Title 21, United States Code, Section 843(a) provides: "It shall be unlawful for any person knowingly or intentionally . . . ." The other statutes providing the basis for the charged conduct also contain an intent element. In Beechum, the Fifth Circuit reasoned:

> Where the issue addressed is the defendant"s intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses. The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he

had lawful intent in the present offense.

Beechum, 582 F.2d at 911-912. Based on this rationale, the Court finds that the other crimes/other acts evidence relating to Cockrell is relevant to an issue other than her character, namely her intent and state of mind. The Court further finds that the challenged other crimes/other acts evidence possesses probative value that is not substantially outweighed by its undue prejudice. The Court will instruct the jury using Pattern Instruction Number 1.30, which provides:

> You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.
>
> If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:
>
>> Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or whether the defendant acted according to a plan or in preparation for commission of a crime; or whether the defendant committed the acts for which he is on trial by accident or mistake.
>
> These are the limited purposes for which any evidence of other similar acts may be considered.

Moreover, the Court agrees that the temporal proximity between the charged conduct and the other crimes/other acts evidence lessens the prejudicial effect under Rule 403. According to the Government, the evidence presentation in relation to the other crimes/other acts evidence will not be time consuming and can easily be compartmentalized by the jury. Thus, the other crimes/other acts evidence relating to the

March and April 2008 incidents is admissible under Rule 404(b) and the <u>Beechum</u> balancing test.

**Chriss and Randall**

Chriss, who worked in the office of co-defendant Dr. Tandy McElwee, and Randall, Chriss' sister, are charged in the Indictment with one count of conspiracy to obtain a controlled substance (hydrocodone) by fraud and obtaining or acquiring a controlled substance (hydrocodone) by fraud or aiding and abetting. <u>See</u> Record Document 2. Chriss is also charged with conspiracy to possess with intent to distribute hydrocodone and possession with intent to distribute hydrocodone. <u>See id.</u> The indictment alleges that all of these charges are part of scheme that took place beginning on or about January 1, 2004 and continuing until on or about August 18, 2007. <u>See id.</u> According to the Government, the conspiracy to obtain hydrocodone by fraud was accomplished by submitting fraudulent prescriptions to pharmacies in the names of the defendants and their family members as well as fake names. <u>See</u> Record Document 112-2 at 2. The prescriptions were sometimes submitted by telephone or facsimile. <u>See id.</u> Often times, several prescriptions would be submitted at one time by one of the defendants and picked up by another. <u>See id.</u>

The Government anticipates that both Chriss and Randall will assert possible defenses including lack of opportunity, knowledge, intent, motive, plan, and lack of mistake or accident. <u>See id.</u> Thus, the Government seeks to introduce evidence of other acts by Chriss and Randall showing their opportunity, knowledge, intent, motive, plan, and lack of mistake or accident in regards to the crimes charged in the Indictment. <u>See id.</u> Specifically, the Government seeks to introduce (1) evidence relating to the 2005 arrest of Randall, which also involved Chriss and (2) evidence relating to the 2007 arrest of Randall.

See id. at 2-3.

On June 8, 2005, Randall was arrested for possession of hydrocodone following an undercover vice operation at Deja Vu. See id. at 2. She was in possession of a prescription bottle with nine hydrocodone pills. See id. The label on the bottle indicated that the prescription was filled on June 6, 2005, in the name of Wendy Benson Chriss for 50 units of hydrocodone as prescribed by Dr. Tandy McElwee and filled at Safescript Pharmacy (now QVL). See id. at 2-3. Randall claimed that she had picked the prescription up for her sister, Chriss, and had not yet delivered the prescription to her. See id. at 3. Chriss was contacted and stated that she left the bottle at Randall's apartment the day before. See id. Chriss stated that she had lost some of the pills. See id.

On September 17, 2007, Randall was arrested for attempting to pass a forged prescription at an Albertson's Pharmacy. See id. She presented a prescription for 50 units of hydrocodone to the pharmacy and the pharmacist reported suspicious activity. See id. The prescription was purportedly signed by a local dentist, Dr. Carol Vergis. See id. Yet, the dentist's office was contacted and reported no such prescription was authorized. See id. Two additional forged prescriptions and 50 hydrocodone tablets were seized. See id.

The Government contends that the 2005 and 2007 arrests are intrinsic evidence, arguing that the conduct is not specifically charged but falls within the conspiracy set forth in Count One of the Indictment. See Record Document 112 at ¶ 2; Record Document 112-2 at 6-7. Alternatively, the Government seeks to introduce the evidence pursuant to Rule 404(b). See id. at ¶ 3; Record Document 112-2 at 7.

Chriss opposes the admission of the other crimes/other acts evidence, arguing that intent is not the issue in this case. See Record Document 141 at 4. Like Cockrell, she

contends that the issue is whether she actually conspired to participate and actually participated in illegal acts. See id. Chriss further maintains that the other crimes/other acts evidence is not intrinsic to the crimes being charged in the Indictment. See id. Finally, she argues that even if the other crimes/other acts evidence is marginally relevant to the instant charges, it should be excluded pursuant to Rule 403 as admission of these charges would tend to unfairly prejudice the jury against her. See id.

Randall also opposes the admission of the other crimes/other acts evidence on the grounds that her "two prior uncharged arrests are not relevant to the conspiracy charges" and that "there is no similarity between the events and transactions described in the indictment and those related to [the] September 2007 arrest." Record Document 143 at 4, 5. She also maintains that even if the previous acts are marginally relevant to the instant charges, the evidence should nonetheless be excluded pursuant to Rule 403. See id. at 6. Randall focuses on the fact that the other crimes/other acts evidence related to "uncharged offenses" and not convictions. See id.

The Court finds that the evidence relating to the 2005 arrest is intrinsic, not other acts extrinsic evidence invoking Rule 404(b). The timing of the arrest falls squarely within the conspiracy charged in Count One of the Indictment. See U.S. v. Krout, 66 F.3d 1420, 1425 (5th Cir. 1995) ("[E]vidence of an uncharged offense arising out of the same transactions as the offense charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b)."). The Government is not limited in its proof of a drug conspiracy to the overt acts alleged in the indictment. See id. Evidence relating to the 2005 arrest is therefore admissible.

Notwithstanding, the Court further finds that evidence relating to both the 2005 and

2007 arrests is admissible pursuant to Rule 404(b). As stated previously, because intent is subjective and often difficult to prove, Rule 404(b) allows admission of other crimes/other acts evidence to show intent. See Robichaux, 995 F.2d at 568. Moreover, not only have Chriss and Randall put their intent at issue with their not guilty pleas, but intent is also an element of the charged conduct. See Duffaut, 314 F.3d at 209. Based on this rationale, the challenged evidence is relevant to issues other than the character of Chriss and Randall, namely their intent and state of mind.

The Court further finds that evidence relating to the 2007 arrest is relevant to the instant matter. The arrest occurred less then one month after Dr. Tandy McElwee's DEA license to prescribe controlled substances was surrendered. See Record Document 151 at 3. Again, the Government anticipates that one of Randall's possible defenses to the charged conduct will be that she was either unaware of the scheme or unaware that her prescriptions were fraudulent. The other crimes/other acts involving prescriptions forged in the name of Dr. Vergis tend to show that Randall was not unaware. Specifically, her actions in relation to the forged prescriptions in Dr. Vergis' name are relevant to show Randall's intent and motive to use fraud to obtain hydrocodone, just as she allegedly did during the course of the charged conduct in the instant matter.

Pursuant to Rule 403, the Court finds that the evidence relating to the 2005 and 2007 arrests possesses probative value that is not substantially outweighed by its undue prejudice. In its reply, the Government specifically noted its efforts to lessen the prejudicial effect of the evidence relating to the 2005 arrest. See Record Document 151 at 6. The Court further agrees that the similarity of the acts and the close temporal proximity between the charged conduct and the other crimes/other acts evidence lessens the prejudicial effect

under Rule 403. According to the Government, the evidence presentation in relation to the other crimes/other acts evidence will not be time consuming and can easily be compartmentalized by the jury. Finally, the Court will instruct the jury with a curative/limiting instruction outlining their use of similar acts evidence. Thus, the other crimes/other acts evidence relating to the 2005 and 2007 arrests is admissible under Rule 404(b) and the Beechum balancing test.

Accordingly,

The other crimes/other acts evidence relating to defendants Chriss, Cockrell, and Randall set forth in the Government's July 6, 2009 notices (Record Documents 112 & 113) is admissible.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE