**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-269-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TANDY W. McELWEE, JR. ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

On September 18, 2009, defendant Wendy Chriss plead guilty to Count 73 of the Indictment, which charged her and co-defendant Tandy W. McElwee, Jr., with "knowingly and willfully conspir[ing] and agree[ing] together to possess with the intent to distribute and dispense and cause to be distributed and dispensed a mixture and substance containing hydrocodone." [Record Documents 1, 206]. After a presentence investigation attributed 32,380 units of hydrocodone to her, Defendant was assigned a total offense level of 16 and a criminal history category of I, which carries a guideline sentence of 21 to 27 months. See PSR ¶¶ 26, 38, 44. On January 13, 2010, after considering the presentence investigation report and the Defendant's objections, the Court sentenced Defendant to a term of 21 months imprisonment. [Record Documents 282, 283]. Defendant contends clear error was made in calculating her offense level and in determining the relevant conduct, and asks the Court to correct or reduce her sentence accordingly. See Record Document 289.

A district court's authority to modify a sentence after it has been imposed is limited by statute. United States v. Ross, 557 F.3d 237, 238 (5th Cir. 2009). Title 18, United States Code, Section 3582(c) provides, in relevant part, that a sentencing court may modify

a term of imprisonment after it has been imposed only in specified circumstances:

(1) in any case —

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Recognizing the other alternatives are unavailable to her, Defendant seeks to reduce her sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. [Record Document 289]. Rule 35(a) permits a sentencing court, "within 7 days after sentencing," to "correct a sentence that resulted from arithmetical, technical, or other clear

error." Fed. R. Crim. P. 35(a). The seven day limit is jurisdictional and begins from the day of the "oral announcement of the sentence."[1] Fed. R. Crim. P. 35(c); <u>United States v. Shaw</u>, 2008 WL 510586 (W.D.La. Feb. 21, 2008). Because more than seven days has passed since the Court's oral pronouncement of sentence on January 13, 2010, this Court lacks jurisdiction to address Defendant's motion for reduction of sentence.[2] See <u>United States v. Kirkpatrick</u>, 184 Fed.Appx. 421, 424 (5th Cir. 2006) ("Under Rule 35(a), a district court has seven days to correct sentence, after which it lacks jurisdiction to resentence.") (citing <u>United States v. Gonzalez</u>, 163 F.3d 255, 263 (5th Cir. 1998)).

Accordingly,

**IT IS ORDERED** that Defendant Wendy Chriss's Motion to Reduce Sentence [Record Document 289] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 9th day of February, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Although Defendant's Motion to Reduce Sentence was filed seven days after the oral announcement of sentence, Defendant's motion does not extend the time period within which the district court may take action and correct a sentence pursuant to Rule 35(a). See Fed. R. Crim. P. 45(b)(2) ("The court may not extend the time to take any action under Rule 35, except as stated in that rule.").

[2] Even if the district court were to have jurisdiction over defendant's motion, the authority given to district courts under Rule 35 "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." See Fed. R. Crim. P. 35 Advisory Committee Notes, 1991 Amendments. It "is not intended to afford the court an opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." <u>Id.</u> A district court's subsequent misgivings about the leniency or severity of the sentence simply do not constitute the type of error that is contemplated by Rule 35(a). <u>Ross</u>, 557 F.3d at 243.